968 F.2d 21
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 UNITED STATES of America, Plaintiff-Appellee,
v.
David Wayne COLE, Defendant-Appellant.
 No. 91-5134.
 United States Court of Appeals, Tenth Circuit.
 June 22, 1992.
 
 1
 Appeal from the United States District Court for the Northern District of Oklahoma, No. 91-Cr.-55-B.
 
 N.D.Okl.,900
 
 2
 AFFIRMED.
 
 
 3
 ANDERSON and EBEL, Circuit Judges, and VAN SICKLE,* Senior District Judge.
 
 
 4
 ORDER AND JUDGMENT**
 
 
 5
 VAN SICKLE, Senior District Judge.
 
 
 6
 The Local American Bank in Broken Bow, Oklahoma was robbed about 3:00 p.m. on April 26, 1991. The robber approached a teller, pointed to his waist, told the teller he had a gun and directed her to give him all the ten, twenty and hundred dollar bills. The teller didn't hear all of what he had said so he repeated it. She gave him a stack of bills and managed to conceal a dye pack in the money. The robber then left the bank. All of this activity was noted by the manager, who managed to activate a silent alarm and the surveillance camera. Another teller also noted the activity.
 
 
 7
 As the robber passed through the door of the bank the dye pack was automatically triggered and released a colored smoke. A passing motorist, Sidney Roan, noticed a man run from the bank with smoke coming from one hand and a gun in the other. He noted that the running man got into a car and he took the license number of that car. Road identified the defendant as the man he had seen.
 
 
 8
 At about 6:00 o'clock that evening the defendant appeared at a pawn shop and redeemed a bicycle that he had pawned several days earlier. The defendant also bought another bicycle and a handgun. The local paper carried a story about the robbery and ran a picture of the robber taken by the surveillance camera in the bank. The pawn shop operator saw the picture, called the police and identified the defendant as his customer.
 
 
 9
 Cole was charged with bank robbery in violation of 18 U.S.C. § 2113(a) and (d), with carrying a firearm during the commmission of a crime of violence in violation of 18 U.S.C. § 924(c)(1), and with possessing a firearm after being convicted of a felony in violation of 18 U.S.C. § 922(g) and 924(a)(2). A jury convicted him on all three counts. He was sentenced to imprisonment for 123 months.
 
 
 10
 Cole now appeals from the conviction of carrying a firearm during the commission of a crime of violence. He contends that, since no one saw him with a firearm while he was in the bank, the evidence is insufficient to sustain the conviction on that count. He does not appeal the convictions on the other two counts.
 
 
 11
 When reviewing a challenge to the sufficiency of the evidence this court must view the evidence in the light most favorable to the jury verdict. United States v. Fox, 902 F.2d 1508 (10th Cir.1990).
 
 
 12
 The teller testified that the robber was this defendant and identified him in court. She said he told her twice that he had a gun, and patted his stomach area as he said it. Even though all three employees identified the defendant, none actually saw a gun. The first and only person to see the gun was Roan, who testified that he saw the gun in the defendant's hand as he fled the bank. Roan stated that the gun was a blue automatic pistol, either .45 caliber or 9mm. Roan also testified that he owned a handgun.
 
 
 13
 The defendant contends that Roan's testimony must be discounted because the defendant had too much money to carry it all in one hand, hence he would not have had a hand free to carry the gun. However, the jury was shown the surveillance film which clearly showed the defendant reach for the door with an empty hand as he left the bank. Hence, Roan's testimony cannot be discounted by this court.
 
 
 14
 The jury was not unreasonable in believing that Roan saw a gun in the defendant's hand as he left the bank after the robbery. The jury was, then, reasonably able to find that the defendant must have had the gun with him during the robbery. The conviction appealed from is affirmed.
 
 
 
 *
 Honorable Bruce M. Van Sickle, Senior United States District Judge for the District of North Dakota, sitting by designation
 
 
 **
 This order and judgment has no precedental value and not be cited, or used by
 by any court within the Tenth Circuit, except for the purposes of establishing doctrines of law of the case, res judicata or collateral estopple. 10th Cir.R. 36.3